UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60485-CIV-DIMITROULEAS

ROCKEFELLER PHOTOS, LLC

    Plaintiff,

v.

J R 6819 A MIRAMAR INC.,

    Defendant.

_____/

**DEFENDANT'S, J R 6819 A MIRAMAR, INC., ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, J R 6819 A MIRAMAR INC. (hereinafter referred to as "Defendant"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer, Affiramtive Defenses, and Demand for Jury Trial to the Complaint filed by Plaintiff, ROCKEFELLER PHOTOS, LLC, ("Plaintiff") and states as follows:

**THE PARTIES**

1. Defendant is without knowledge, therefore, denied.
2. Admitted for jurisdictional purposes only.

**JURISDICTION AND VENUE**

3. Admitted for jurisdictional purposes only. U.S. Code speaks for itself.
4. Admitted for jurisdictional purposes only.
5. Venue is proper in the Southern District of Florida.

**FACTS**

6. Denied and strict proof thereof demanded.
7. Defendant is without knowledge, therefore, denied.
8. Denied and strict proof thereof demanded.
9. Admitted that Plaintiff represents it holds a valid copyright for the Work. Certificate of Registration speaks for itself.

250017

10. Defendant is without knowledge, therefore, denied.

11. Defendant is without knowledge, therefore, denied. U.S. Code speaks for itself.

12. Admitted.

13. Denied as phrased.

14. Denied and strict proof thereof demanded.

15. Denied and strict proof thereof demanded.

16. Denied and strict proof thereof demanded.

17. Denied as phrased.

18. Denied and strict proof thereof demanded.

19. Denied and strict proof thereof demanded.

20. Denied and strict proof thereof demanded.

21. Denied and strict proof thereof demanded.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Defendant restates and reincorporates its answers to the allegations contained in paragraphs 1 through 21 as set forth above.

23. Denied.

24. Defendant is without knowledge, therefore, denied.

25. Denied and strict proof thereof demanded.

26. Denied and strict proof thereof demanded.

27. Denied and strict proof thereof demanded.

28. Denied and strict proof thereof demanded.

29. Denied and strict proof thereof demanded.

30. Denied and strict proof thereof demanded.

31. Denied and strict proof thereof demanded.

32. Denied and strict proof thereof demanded.

33. Denied and strict proof thereof demanded.

34. Denied and strict proof thereof demanded.

## AFFIRMATIVE DEFENSES

1. For its **First Affirmative Defense**, Defendant states that Plaintiff has failed to state a cause of action upon which relief can be granted, specifically, Plaintiff has failed to establish

necessary elements of Copyright Infringement and has failed to delineate which exclusive rights Defendant has violated.

2. For its **Second Affirmative Defense**, Defendant states that Plaintiff's claim is barred by the doctrine of Laches.

3. For its **Third Affirmative Defense**, Defendant states that Plaintiff's action is barred by the doctrine of equitable estoppel.

4. For its **Fourth Affirmative Defense**, Defendant states that its conduct was innocent, non-infringing, and not a willful infringement of any copyright which may have been held by Plaintiff at the time of the alleged infringement.

5. For its **Fifth Affirmative Defense**, Defendant states that Plaintiff has failed to register the copyrights in one or more of the products set forth in the Complaint and thus are not permitted to file this suit or maintain this action.

6. For its **Sixth Affirmative Defense**, Defendant states that Plaintiff has engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendant reserves the right to assert one or more antitrust related claims.

7. For its **Seventh Affirmative Defense**, Defendant states that Plaintiff's claims are barred due to their deceptive and misleading advertising, publishing, or otherwise distributing the allegedly copyrighted works.

8. For its **Eight Affirmative Defense**, Defendant states that Plaintiff's claim is barred by the "scenes-a-faire" doctrine.

**DEFENDANT HEREBY RESERVES THE RIGHT TO ADD, AMEND, OR OTHERWISE SUPPLEMENT ITS AFFIRMATIVE DEFENSES**

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant, R 6819 A MIRAMAR INC., hereby demands trial by jury in this action of all issues so triable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the CM/ECF Filing Portal, which will send a notice of electronic filing to all parties of record, on this 12th day of May, 2025.

CASE NO. 25-60485-CIV-DIMITROULEAS

**PENA GARCIA & DIZ PLLC**

*/s/ Luis Diz*
**Luis Diz**
Florida Bar No. 412491
Gables International Plaza
2655 South Le Jeune Road, Suite 1011
Coral Gables, FL 33134
Telephone: (786) 361-4950
Facsimile: (786) 329-7225
Emails:  ldiz@pgdlegal.com;
mzurbaran@pgdlegal.com; klima@pgdlegal.com
Attorneys for Defendant

**SERVICE LIST**

**COPYCAT LEGAL PLLC**
Christine Zaffarano, Esq.
christine@copycatlegal.com
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Attorneys for Plaintiff

4